| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | tat-3081 |
| ----------------------------------------------------------------x | |
| In re | Chapter 7 |
| POSEIDON POOL & SPA<br>RECREATIONAL, INC., | Case No. 805-87603-478<br>Judge Dorothy Eisenberg |
|                 Debtor. | |
| ----------------------------------------------------------------x | |
| ANDREW M. THALER, Trustee,<br>Estate of POSEIDON POOL & SPA<br>RECREATIONAL, INC., | |
|                 Plaintiff, | |
| -against- | Adversary Proceeding<br>No. 806-8222-478 |
| ESTATE OF VINCENT J. ARBORE, Deceased,<br>DIANE ARBORE, in her capacity as Executrix<br>of the Estate of Vincent J. Arbore, DIANE<br>ARBORE, ANN ARBORE, PETER ARBORE,<br>JAYVIN ARBORE, ALLISON ARBORE,<br>MICHAEL ARBORE, KATHERINE ARBORE,<br>ALAN ARBORE, JAMES ARBORE, ROSA<br>DINICOLO, and RITA CANNILLO, | |
|                 Defendants. | |
| ----------------------------------------------------------------x | |

### APPLICATION IN SUPPORT OF PLAINTIFF'S
### MOTION TO PRECLUDE DEFENDANTS' EXPERT

**TO THE HONORABLE DOROTHY EISENBERG , U.S. BANKRUPTCY JUDGE:**

The Application of Andrew M. Thaler, Party Plaintiff and Chapter 7 Trustee, by his attorneys, Thaler & Gertler, LLP, in support of Plaintiff's motion to preclude the Defendants' expert from testifying at the time of the Trial of this Action, respectfully represents:

1. This case was commenced by the filing of a Voluntary Petition in Bankruptcy under Chapter 11 of the United States Bankruptcy Code on October 7, 2005 ("Filing Date").

2. Thereafter on September 21, 2006, the case was converted to a Chapter 7 case effective as of September 15, 2006.

3. Andrew M. Thaler is the Chapter 7 Trustee herein, duly qualified and acting as such. Additionally, by operation of conversion of this case to Chapter 7, Andrew M. Thaler is now the representative Party Plaintiff of the Bankruptcy Estate in the Adversary Proceeding of <u>Poseidon Pool & Spa Recreational, Inc., v. Estate of Vincent J. Arbore, Deceased</u> pursuant to 11 U.S.C. §323 and Bankruptcy Rule 6009.

4. On or about April 10, 2009, during the pendency of the motion to dismiss the Defendants' Counterclaims, the Plaintiff served the Defendants with a copy of his expert's report in compliance with the Federal Rules of Civil Procedure ("FRCP") §26 and the Federal Rules of Bankruptcy Procedure ("FRBP") §7026. A copy of the Plaintiff's expert disclosure is annexed hereto as **Exhibit "A"**.

5. On July 30, 2009, the Court set October 28, 2009, as the trial date on the limited issue of the Debtor's insolvency in this matter.

6. On October 14, 2009, Plaintiff's counsel sent a proposed Trial Statement to counsel for the Defendants, designating Bernard J. Sandler as Plaintiff's witness for trial, listing certain exhibits to be used a trial, and requesting that Defendants' counsel confer with Plaintiff's counsel to prepare a joint trial statement and

disclosure. A copy of an email to Linda S. Agnew dated October 14, 2009, together with a copy of Plaintiff's Proposed Trial Statement dated October 14, 2009 is annexed hereto as **Exhibit "B"**. Defendants' counsel never responded to the request to collaborate on a Joint Trial Statement, and never objected to the witnesses or exhibits designated by the Plaintiff.

7. Twelve days before the trial, on October 16, 2009, Defendant's counsel contacted this office to request an adjournment of the trial based upon attorney Linda Agnew's unavailability for the October 28, 2009 date, and on October 26, 2009, the trial was adjourned on consent of the parties and the Court to December 14, 2009. At no time prior to requesting an adjournment on October 16, 2009 (just twelve days prior to the scheduled date for trial) did Defendants' counsel served any expert disclosure upon the Plaintiff as required under FRCP §26.

8. On November 16, 2009, less than one (1) month prior to the December 14, 2009 trial date, and over seven (7) months after being served with Plaintiff's expert disclosure, the Defendants untimely served a purported "Defendants' Expert Witness Disclosure" on the Plaintiff. A copy of the Defendants' Expert Witness Disclosure is annexed hereto as **Exhibit "C"**. Defendants have never supplemented this Disclosure. Pursuant to FRCP §26(a)(2)(C), Defendants' Expert Witness Disclosure was <u>required</u> to be made no <u>later</u> than May 10, 2009.

9. It must be noted that the Defendants' "Disclosure", is anything but. Even a cursory review of the Defendants' Expert Witness Disclosure reveals that it is

-3-

patently insufficient and does not comply with the requirements of FRCP §26(a)(2) for the disclosure of all expert witnesses. Other than identifying the firm of "Paritz & Company, P.A." as their expert and providing the CVs of three different accountants, the Defendants provided Plaintiff with virtually none of the information required by FRCP §26(a)(2), and did not even initially identify which of the purported experts would be the Defendants' witness. The Defendants' Expert Witness Disclosure does not set forth the expert's opinion, the information on which the expert's opinion is based, any exhibits to be used, a list of prior cases or a statement of compensation.

10. Following receipt of the Defendants' Expert Witness Disclosure, Plaintiff's counsel sent an e-mail to Defendants' counsel seeking the expert's report and additional information about Defendants' expert witness and requesting a deposition of Defendants' expert prior to the trial scheduled for December 14, 2009. A copy of an email dated November 30, 2009 is annexed hereto as **Exhibit "D"**.

11. On or about December 1, 2009, the Plaintiff served an amended expert report on the Defendants. A copy of the Plaintiff's expert's report, as amended November 18, 2009, is annexed hereto as **Exhibit "E"**.

12. Despite the short amount of time left before trial, just two (2) weeks, Defendants' counsel did not respond to Plaintiff's request to schedule a deposition until December 7, 2009, just seven (7) days prior to the scheduled trial. A copy of an email dated December 7, 2009, memorializing Defendants' counsel's failure to respond to Plaintiff's requests to schedule a deposition, failure to provide further

information regarding their expert, and failure to discuss the submission of a Joint Trial Statement, is annexed hereto as **Exhibit "F"**.

13. In fact, it was not until January 19, 2010, that Defendants' counsel advised Plaintiff that Defendants would be filing a separate – as opposed to a Joint -- Trial Statement and it was at this time, less than one (1) week prior to trial, that the Defendants designated Mr. Serotta as their trial expert witness in their Trial Statement. A copy of the Arbore Defendants' Trial Statement is annexed hereto as **Exhibit "G"**.

14. Based upon the Defendants' utter failure to provide expert disclosure in compliance with FRCP §26(a)(2) and to respond to Plaintiff's requests for additional information and to schedule a deposition, the Plaintiff and Defendants agreed to an adjournment of the trial (then scheduled for December 14, 2009), to afford Plaintiff an opportunity to receive the rebuttal expert's report and depose the Defendants' purported "rebuttal expert".

15. Although Defendants have never provided Plaintiff with a written report of their expert's opinion, the Defendants did ultimately disclose the identity of their expert as one Mr. Brian Serotta, CPA, and agreed to produce him for a deposition. Prior to his deposition, Plaintiff's counsel specifically demanded all notes, memorandum, reports, analyses and other materials/documents created by or relied upon by the Defendants' expert.

16. On January 12, 2010, Plaintiff conducted a limited deposition of Mr. Serotta without having the ability to question him on his expert report, which has still

not been provided to Plaintiff. A copy of the transcript from Mr. Serotta's January 12, 2010 deposition is annexed hereto as **Exhibit "H"**. Notably, although Mr. Serotta testified that an employee in his office, Mr. Karl Flower (although not him personally) had prepared a "couple of comparatives or narratives from the tax returns" for Mr. Serotta, which Mr. Serotta admitted to reading and analyzing in connection with this matter, neither Mr. Serotta nor the Defendants produced these or any of the documents demanded by the Plaintiff in connection with Defendants' expert designation. Mr. Serotta's excuse for his failure to provide the "comparatives" or "narratives" prepared by his firm was that he ran a "paperless" office, although he admitted that the documents could be printed and provided to Plaintiff's counsel (see **Exhibit "H"**, Pages 12-13, 19).

17. Despite Plaintiff's demands for Mr. Serotta's documents before, during and after Mr. Serotta's deposition, the Defendants have never provided any of their expert's documents to the Plaintiff.

18. At his deposition, Mr. Serotta repeatedly testified that he has __not__ formed an opinion regarding whether the Debtor was solvent or insolvent at the time the May 24, 2002 Redemption Agreement was entered into and thereafter (see **Exhibit "H"**, Pages 19-20, 32-33, 42) -- the only issue to be determined at the trial. In fact, according to his deposition testimony, Mr. Serotta has no independent opinion regarding the issues before the Court in the trial of this matter; his sole opinion on the issue of the Debtor's insolvency seems to be that he could not render an opinion

because he did not have full access to "the principals of the company . . . physical inventories taken by the company . . . access to the people who prepared the books and records," . . . "all of the company's books and records, including, but not limited to cash receipts, bank statements, cash disbursements, paid invoices, sales journals, sales invoices, sales contracts . . . I could go on for hours on what we would need." (**Exhibit "H", Pages 20, 42.**)

19. Asked whether he had reached an opinion regarding the expert report of Mr. Sandler, Mr. Serotta (a) "couldn't answer" whether he found the methodologies used by Mr. Sandler to be invalid (**Exhibit "H" at page 25**), (b) had no opinion as to how inventory was determined by the Debtor (**Exhibit "H" at page 27**), (c) accepted the history as given by Mr. Sandler, (d) acknowledged that the assumptions made, methodology used and results obtained were Mr. Sandler's opinion and could be correct (**Exhibit "H" at pages 27-31, 36-37.**), and (e) accepted and acknowledged that all calculations made by Mr. Sandler were arithmetically accurate (**Exhibit "H" at page 29**).

20. Upon further examination, Mr. Serotta testified that it was solely "the bases for the gross profits that he used I do not agree with." (**Exhibit "H", Pages 28-29.**) However, when questioned about specifics, Mr. Serotta testified that while he "didn't think there is any basis for the gross profit changes" (**Exhibit "H", Page 39**), it was <u>not improper</u> for Mr. Sandler to adjust the percentage of the gross profit, and Mr. Serotta had no opinion regarding whether the amount as adjusted by Mr. Sandler was improper. In fact, Mr. Serotta testified that the amount could be entirely accurate, and

could not state that Mr. Sandler's assumptions were unreasonable or not within acceptable accounting practices. (**Exhibit "H"**, Pages 29-31, 36-37.)

21. In addition to the untimely, limited and prejudicial expert disclosure, as stated above, on January 19, 2010, less than one (1) week prior to the trial of this matter scheduled for January 25, 2010, the Defendants emailed Plaintiff a draft Trial Statement wherein they identify, for the first time in this matter, three (3) exhibits which they intend to introduce as evidence at trial. (See **Exhibit "G"**.) This late notification of exhibits to be used and witnesses to testify at trial is in direct violation of FRCP §26(a)(3)(A)(i) and (iii), which requires that these disclosures be made at least 30 days prior to trial to afford the opposing party 14 days to object to these documents and witnesses.

22. Then, on January 22, 2010, just one (1) day prior to trial, consistent with their pattern of prejudicially late disclosure, the Defendants filed their Trial Statement (first given to Plaintiff on January 19, 2010), as well as an Amended Trial Statement wherein they designate, for the first time, Steve R. Schlesinger, Esq. (a partner in Defendants' counsel's firm), as a fact witness for the Defendants. A copy of the Defendants' Amended Trial Statement is annexed hereto as **Exhibit "I"**. Immediately thereafter, at approximately 2:30 p.m. <u>one day prior to trial</u>, the Defendants then filed a Second Amended Trial Statement where they designate, also for the first time, Mr. Alan Arbore as a trial witness. A copy of the Defendants Second Amended Trial Statement is

annexed hereto as **Exhibit "J"**. Again, this is a direction violation of FRCP §26(a)(3)(A)(i) and (iii).

## LEGAL ARGUMENT

23. The Plaintiff seeks to exclude the Defendants' expert on the grounds that: (1) the Defendants failed to make timely and sufficient disclosure of their expert pursuant to FRCP §26(a)(2); and (2) the testimony of the Defendants' expert would not "assist the trier of fact to understand the evidence or determine a fact in issue." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 591 (1993), Fed. R. Evid. §702.

### A. The Defendants Failed to Make Timely and Sufficient Disclosure of Their Rebuttal Expert

24. The Federal Rules of Civil Procedure §26(a)(2) governs the disclosure of expert testimony. Pursuant to FRCP §26(a)(2)(C), disclosure of an expert witness intended solely to rebut evidence offered by another party's expert is required to be made "within 30 days after the other party's disclosure." See also Park West Radiology v. Carecore National, LLC, 2009 U.S.Dist. LEXIS 110282 (S.D.N.Y. 2009). As established above, the Plaintiff served its Expert Witness Disclosure on Defendants on or about April 10, 2009 (see **Exhibit "A"**). Therefore, Defendants were required to disclose their rebuttal expert by no later than May 10, 2009. However, it was not until November 16, 2009, over seven (7) months later, that the Defendants served what they claim to be their rebuttal Expert Witness Disclosure (see **Exhibit "C"**), and not until less than one (1) week prior to trial that the Defendants designated Mr. Serotta as their

expert (see **Exhibit "G"**). For this reason alone, Mr. Serotta should be precluded as an expert witness.

25. In addition to being severely untimely and prejudicial to Plaintiff, Defendants' purported Expert Witness Disclosure is patently insufficient and does not meet any of the requirements of F.R.C.P. §26(a), warranting the sanction of preclusion.

26. When a party fails to comply with F.R.C.P. §26(a), Rule 37 allows the Court to impose sanctions against the non-complying party. Further, under F.R.C.P. §37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . any witness or information not so disclosed." See <u>Atkins v. County of Orange</u>, 372 F.Supp.2d 377, 395 (S.D.N.Y. 2005).

27. FRCP §26(a)(2) sets forth the requirements for all expert witness disclosure and the contents of all expert reports:

> (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure <u>must</u> be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> > (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> >
> > (ii) the data or other information considered by the witness in forming them;
> >
> > (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous ten years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

[Emphasis added.]

28. The Federal Rules, as well as the case law applying same, are exquisitely clear that the requirement that a written report of an expert's opinion be provided to an adverse party extends to rebuttal expert witnesses. In re Burch, 33 B.R. 1015 (D. Md. 1983) [Monetary sanctions and preclusion of rebuttal expert appropriate when there was no compliance with FRCP §26(a).]

29. As can be seen, Defendant's Expert Witness Disclosure does not comply with even one requirement of FRCP §26(a)(2)(B), as no written report has ever been provided to the Plaintiff, resulting in severe and unmistakable prejudice to the Plaintiff.

30. The failure to provide a written expert's report in accordance with FRCP §26(a), regardless of whether the expert is to testify on the case-in-chief or as a rebuttal expert, warrants preclusion of the Defendants' expert pursuant to FRCP § 37. As stated by the District Court in Ebron v. United States, 2008 U.S. Dist. LEXIS 70120 (S.D.N.Y. 2008):

> Indeed, Rule 37 provides for "automatic" preclusion for failure to comply with Rule 26(a)(2)(B)'s expert report requirement:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

> This "automatic sanction" is a "self-executing sanction," according to the 1993 Advisory Committee Notes [citations omitted].

Ebron v. United States, supra [Party's expert report failed to include certain opinions of the expert, which warranted preclusion of the expert at trial as the failure to provide a written, signed report from the expert setting forth all opinions is not harmless.]; see also, Finley v. Marathon Oil Co., 75 F.3d 1225, 1230 (7th Cir. Ill. 1996) [The sanction of exclusion pursuant to FRCP §37 is automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless.]

31. In fact, it has been held that the failure to disclose an expert's written report is so egregious that even where the opposing party had an opportunity to depose the others' expert, preclusion of the expert would still be warranted as the failure to provide a written report "deprives the [opposing party] of the benefit of written explanations and justifications of these key pieces of opinion testimony." Castaldi v. Land Rover North America, Inc., 2007 U.S.Dist. LEXIS 85809 (E.D.N.Y. 2007); see also, LaMarca v. United States, 31 F. Supp. 2d 110 (E.D.N.Y. 1998) ["[D]eposition testimony does not cure deficiencies in [a] Rule 26(a)(2)(B) notice."]

32. It cannot be questioned that the Plaintiff has suffered severe prejudice as a result of the Defendants' deliberate refusal to provide a written report or

-12-

complete expert disclosure of their rebuttal expert witness pursuant to FRCP §26(a)(2)(B). Specifically, the Plaintiff was unable to prepare for the expert's deposition with the benefit of a written report. As can be seen from the transcript of Mr. Serotta's deposition, Mr. Serotta could not recall much of the information required to be disclosed, nor could he clearly articulate his opinion or the basis therefore. Further, unlike Mr. Sandler, Mr. Serotta is not limited to the four corners of a written report at trial, and may very well give opinions which were not covered in his deposition. Moreover, the Plaintiff did not have the opportunity to review or investigate Mr. Serotta's credentials or background, nor did or will Plaintiff have an opportunity to review transcripts from cases where Mr. Serotta may have testified contrary to his opinion in this matter. This is particularly prejudicial to the Plaintiff since Mr. Serotta claims he cannot render an opinion on insolvency without every financial document ever made by a debtor, although he has testified regarding solvency in the past.

33. Nor can it be argued that the Defendants were "justified" in their untimely and incomplete disclosure. As established above, the Plaintiff provided his Expert Witness Disclosure to the Defendants in April 2009. The Defendants offer no explanation or excuse for their failure to even identify a rebuttal expert before the first scheduled trial date or until virtually the eve of the new trial date, and the Plaintiff submits that there can be no justification for the Defendants' willful failure to comply with the disclosure requirements of FRCP §26(a)

34. As the Defendants have not made disclosure of their expert witness in accordance with FRCP §26(a), and have willfully failed to provide a written expert's report to the Plaintiff, the Plaintiff submits that the Defendants' proposed expert should be precluded from testifying at the trial of this matter.

B. **The Testimony of Defendants' Rebuttal Expert Will Not Assist the Trier of Fact to Understand The Evidence or Determine a Fact in Issue**

35. As stated above, Mr. Serotta, the Defendants' rebuttal expert, has testified under oath that he is unable to form an opinion as to the Debtor's solvency and/or insolvency at the time the Redemption Agreement and Promissory Note were executed (May 24, 2002) and thereafter at the times each payment was made pursuant to the Redemption Agreement (**Exhibit "H"**, Pages 19-20, 32-33 and 42). Mr. Serotta further testified that although he disagrees with Mr. Sandler's adjustment of the Debtor's gross profits, he could not state that such adjustment was unreasonable, inaccurate, unfounded or not within acceptable accounting practices. (**Exhibit "H"**, Pages 29-31, 36-37.) In short, Mr. Serotta has no probative opinion on the sole issue in this limited trial and should be excluding from testifying in this matter.

36. The Federal Rules of Evidence §702, entitled "Testimony of Experts" states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable

-14-

principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

37. Further, it is well settled that in order "to be admissible, expert testimony must . . . be helpful to the trier of fact." Mishkin v. Ensminger (In re Adler, Coleman Clearing Corp.), 1998 Bankr. LEXIS 404 (Bankr. S.D.N.Y. 1998).

38. In this matter, the testimony of Mr. Serotta should not be admitted at trial. First, Mr. Serotta has already testified that he performed no independent analysis or calculations, and has no opinion of the Debtor's solvency or insolvency, which is the sole issue to determined at this juncture of the trial of this matter. Since Mr. Serotta has admitted that he performed no independent calculations and did not reach an opinion about the matters at issue raised in Mr. Sandler's report, his testimony does not apply reliable accounting principles and methods to the facts of this case as required by Fed. R. Evidence §702.

39. In addition, again, since Mr. Serotta has not made any calculations, has not reached an independent opinion, and has admitted that Mr. Sandler's methods and principles were not improper and may be entirely accurate, Mr. Serotta's testimony will not be helpful to the trier of fact. See Mishkin, supra.

40. To the extent that it is anticipated the Defendants will argue that Mr. Serotta's opinion is that Mr. Sandler did not have enough information to render an opinion, this is an issue of credibility which can be raised on cross examination and not an issue which requires expert testimony. An expert's testimony which is based on an

assessment of another witness' testimony will properly be excluded from testifying at trial. See Mishkin, supra; see also United States v. Benson, 941 F.2d 598, 604 (1991).

41. As established above, the Defendants' Expert Witness "Disclosure" is patently insufficient in this matter as a matter of law, both in timeliness and scope. The Defendants have utterly failed to comply with F.R.C.P. §26 requiring the disclosure of rebuttal expert witnesses to the prejudice of the Plaintiff, and, accordingly, Defendants' expert witness, Mr. Brian Serotta, should be precluded from testifying in this matter.

42. Further, through his limited deposition testimony, it has been established that Mr. Serotta has no opinion of the Debtor's insolvency, performed no independent calculations based upon the financial information provided to him, does not disagree with the assumptions or conclusions drawn by Mr. Sandler based on those assumptions, and admits that the adjustment of the gross profit margin, which is the only area of Mr. Sandler's report which Mr. Serotta had an issue with, was neither improper nor erroneously calculated. Consequently, Mr. Serotta has no expert testimony to offer which will assist the trier of fact in this matter.

C. **Defendants' Untimely Designation of Witnesses And Documents on Literally the Eve of Trial Warrants Preclusion of Witnesses and Evidence**

43. As stated above, the Defendants effectively ambushed the Plaintiff by filing a Trial Statement, a First Amended Trial Statement and a Second Amended Trial Statement late in the afternoon on the day before the trial of this matter wherein

they designate, for the first time in over three (3) years of litigation, Steve R. Schlesinger, Esq. and Alan Arbore as trial witnesses. Notably, the Plaintiff still has no knowledge of the substance of Mr. Schlesinger's and Mr. Arbore's proposed testimony.

44. Further, just six (6) days prior to trial, the Defendants provided Plaintiff with a draft of their Trial Statement wherein they identify, for the first time, three (3) documents they intend to use at trial.

45. Pursuant to FRCP §26(a)(3)(A)(i) and (iii), parties are required to disclose to their adverse parties the identity of witnesses they intend to call and documents they intend to rely on at trial at least 30 days <u>prior</u> to trial. This disclosure is mandatory to provide a party with 14 days to object to these disclosures. Defendants have failed to timely make these <u>required</u> disclosures to Plaintiff in direct violation of the FRCP, warranting preclusion.

46. In the three-plus years that this matter has been pending, Defendants have never designated Steve Schlesinger, Esq. as a witness who had discoverable or relevant information, let alone as a witness who would testify at trial.

47. The Defendants should be precluded from calling these witnesses and producing these documents at trial. Again, the prejudice to Plaintiff is clear, as the Plaintiff has virtually no idea of the subject matter of these witnesses testimony making it virtually impossible to prepare for their testimony at trial.

48. There can be no justifiable excuse for Defendants' failure to identify these witnesses prior to the day before trial. Steve Schlesinger is a named partner at

-17-

Defendants' counsel's firm and Defendants were certainly aware of his existence and the information to which he would testify prior to January 22, 2010. It is obvious that the Defendants knew of the witnesses they named in their recently filed Second Amended Trial Statement and their potential for testifying in this action, and were required to timely identify them at least 30 days before trial so that Plaintiff has an opportunity to depose these witnesses and discover what relevant information each witness would testify to. Defendants' failure to timely make these mandatory disclosures warrants preclusion.

49. In the same vein, the documents Defendants seek to introduce relate to a State Court action to which the Debtor was a party and which case was settled in 2002. These document are clearly irrelevant to the issue of the Debtor's insolvency in May 2002 and thereafter. Plaintiff objects to their use at trial.

50. It cannot be disputed that the Defendants were <u>obligated</u> pursuant to FRCP §26(a)(3)(A)(i) and (iii) to make pre-trial disclosures to Plaintiff identifying the witnesses they intended to call at trial and the documents on which they intended to rely. The Defendants' deliberate and willful refusal to timely disclose their witnesses and documents until literally the eve of trial clearly evidences Defendants' bad faith, and the Court should not condone Defendants' dilatory tactics by permitting Defendant to call Mr. Schlesinger or Mr. Arbore or introduce the three documents identified in their Trial Statement. <u>See</u> <u>Patterson v. Balsamico</u>, 440 F.3d 104 (2d Cir. 2006) [It was

proper for the District Court to preclude Defendants from calling two fact witnesses designated by Defendants just ten days prior to trial.]

51. Based upon the Defendants' failure to comply with FRCP §26(a)(2) requiring specific and complete disclosure of expert witnesses, which resulted in severe prejudice to Plaintiff, and based upon the fact that the Defendants' proposed expert can offer no testimony to assist the trier of fact in this matter, the Plaintiff respectfully requests that the Court issue an Order precluding Mr. Brian Serotta from appearing and giving testimony on behalf of the Defendants in this matter.

52. In addition, the Plaintiff respectfully submits that the Defendants should be precluded from calling Steve Schlesinger, Esq.[1] and Alan Arbore as witnesses at the trial of this matter, and should further be precluded from introducing the three documents identified by Defendants in their Trial Statement and subsequent Amendments, all of which were untimely pursuant to FRCP §26(a)(3)(A)(i) and (iii), which requires parties to disclose the identity of witnesses they intend to call and the documents they intend to rely on at least thirty (30) days prior to trial. Defendants have in effect denied Plaintiff the time afforded to him under the FRCP to object to these witnesses and exhibits and/or to conduct further discovery in this regard prior to trial.

53. Defendants eleventh-hour disclosure of witnesses and documents, of which the Defendant clearly had knowledge prior to their disclosure, is in direct

---

[1] The fact that Mr. Schlesinger is a member of the firm representing the Defendants also raises other issues regarding the waiver of attorney-client privilege, conflicts of interest as a fact witness and disqualification as Defendants' counsel.

violation of FRCP §26(a)(3)(A)(i) and (iii), is not justifiable and has severely prejudiced the Plaintiff in this matter, warranting preclusion.

WHEREFORE, it is respectfully requested that the Court grant the within application in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: East Meadow, New York
January 24, 2010

KIM D. VICTOR